**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Tait Bergstrom**, individually, on behalf of others similarly situated, and on behalf of the general public<br>3801 Brooklyn Avenue NE, K207<br>Seattle, Washington 98105,<br><br>Plaintiff,<br><br>vs.<br><br>**John Kerry**, in his official capacity as Secretary, United States Department of State<br>The Executive Office<br>Office of the Legal Adviser, Room 5519<br>United States Department of State<br>2201 C Street, NW<br>Washington, DC 20520-6310;<br><br>and<br><br>**Georgetown University**<br>Office of the General Counsel<br>37th and O Streets, N.W., Washington D.C. 20057<br>;<br><br>**DOES 1-20**, inclusive,<br><br>Defendants. | **Civil Action No. _________**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This class action lawsuit brought by Individual and Representative Plaintiff Tait Bergstrom, on his own behalf and on behalf of the proposed Classes identified below, challenges Defendants' pre-hire, post-offer unconditional medical clearance policy as violative of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*. ("Rehab Act") and the DC Human Rights Act of 1977, D.C. Code § 2-1402.01 *et seq*. ("DC HRA").

2. Defendants hire and employ English Language Fellows ("EL Fellows") for ten months at a time at academic institutes around the world.

3. The English Language Programs are funded entirely by the U.S. Department of State.

4. All decisions related to participant terms (including candidate review, selection, funding, suspension, revocation, and termination) and all criteria related thereto are made and established by the U.S. Department of State.

5. The Department's Regional English Language Officers support Fellows and Specialists while they are abroad.

6. The U.S. Department of State determines the final selection of candidates applying to the English Language Program.

7. Defendant Georgetown University promotes the English Language Programs, recruits highly qualified candidates, and recommends a roster of finalist candidates for each project.

8. Defendant Georgetown University also administers the EL Program on behalf of Defendant Department of State.

9. Defendants require that applicants to the EL Fellow position receive unconditional medical clearance.

10. The Class is made up of all persons who were denied employment because the State Department and Georgetown University denied them unconditional medical clearance from April 27, 2015 – forty-five days prior to Plaintiff Bergstrom's EEO counselor contact – to the final disposition of this case.

11. During the Class Period, Defendants refused to hire each member of the Class into the EL Fellow Program on the basis of their disability, record of disability, or the perception that they were disabled, in violation of federal and D.C. antidiscrimination law, notwithstanding the fact that they were qualified for the position. Plaintiff Bergstrom seeks relief for the Class pursuant to the Rehab Act and the DC HRA. The relief sought is to enjoin Defendants' failure to hire him

and the Class in violation of these statutes, in addition to providing back pay, compensatory damages, punitive damages, declaratory relief, and injunctive relief, attorneys' fees and costs, and interest.

**THE PARTIES**

12. Individual and representative Plaintiff Tait Bergstrom resides in the State of Washington.

13. Defendant John Kerry is the United States Secretary of State. He is sued in his official capacity.

14. Defendant Georgetown University is a private nonprofit corporation with its principal place of business in Washington, District of Columbia.

15. Defendants Does 1-20, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the putative class members herein alleged were proximately caused by such Defendants.

16. Plaintiff is informed, believes, and thereon alleges that each of the Defendants herein was at all times relevant to this action the agent, employee, representative partner, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

**JURISDICTION AND VENUE**

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 794a(a), as this case is brought under the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et*

*seq*. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 for Plaintiff's claims under the District of Columbia Human Rights Act, D.C. Code §§ 2-1402.11, 2-1403.16. .

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendants are located in this District and a substantial part of the events giving rise to the claims set forth herein occurred in this District.

**DESCRIPTION OF DEFENDANTS' DISCRIMINATORY HIRING POLICY**

19. Applicants to Defendants' English Language Fellow Program must be U.S. citizens and possess certain academic degrees and experience.

20. After an applicant is selected by Defendants to work as an EL Fellow, Defendants extend a conditional offer to the applicant subject to the applicant obtaining an unconditional medical clearance from a Department of State medical examiner.

21. If an applicant does not receive an unconditional medical clearance from a Department of State medical examiner, then Defendants withdraw the applicant's conditional offer of employment in the English Language Fellow Program.

22. Upon information and belief, Defendants do not provide any form of reasonable accommodation to an EL Fellow Program applicant if Defendants deny unconditional medical clearance.

23. Defendants do not provide applicants any way to appeal Defendants' medical examiner's medical clearance determination.

24. Upon information and belief, to receive an unconditional medical clearance, an applicant must have no disability, record of disability, or be perceived to have a disability that requires or might require a reasonable accommodation, including but not limited to ongoing treatment in the location they will be serving abroad—regardless of whether or not the applicant is a qualified individual with a disability, with or without a reasonable accommodation.

**ADDITIONAL FACTUAL ALLEGATIONS**

25. Plaintiff Bergstrom is an experienced educator who has taught English and other courses in China continuously for the six-year period 2007-2013, as a visiting lecturer at Beijing Normal University from 2007 to 2012, and as a lecturer at Chongqing University from 2012-2013.

26. Plaintiff Bergstrom experienced no medical difficulties during his six years of teaching in China from 2007 to 2013.

27. On April 27, 2015, Plaintiff Bergstrom received a conditional offer from Defendants to work as an EL Fellow in China, subject to a medical examination by a State Department medical examiner.

28. Plaintiff Bergstrom timely accepted Defendants' conditional offer of employment.

29. On May 11, 2015, Plaintiff Bergstrom timely submitted extensive medical information from examining physicians supporting his ability to serve as an EL Fellow in China.

30. On May 12, 2015, the State Department's medical examiner, Dr. John L. Beahler, denied Plaintiff Bergstrom unconditional medical clearance. Dr. Beahler's sole reason for denying Plaintiff Bergstrom, articulated in internal e-mail communications not made available to Plaintiff until after filing his EEO complaint, is that Plaintiff Bergstrom did not include a treatment plan for his conditions while in China.

31. Defendants never provided Plaintiff Bergstrom the opportunity to submit supplemental documentation of a treatment plan for the duration of his EL Fellowship, nor made Plaintiff Bergstrom aware that Defendants considered his medical documentation insufficient prior to rescinding the conditional job offer.

32. The "Health Verification Form," which Defendants sent to Plaintiff Bergstrom to complete as part of the medical clearance process, did not contain any request or space for any treatment plan.

33. On May 14, 2015, Defendants rescinded Plaintiff Bergstrom's conditional offer because State Department physician Dr. Beahler denied Plaintiff Bergstrom unconditional medical clearance.

34. In the medical documentation Plaintiff Bergstrom provided in support of his medical clearance, all of Plaintiff Bergstrom's examining physicians, including Dr. Mary Kauffman, corroborated that Plaintiff Bergstrom was "physically and emotionally able to teach abroad, potentially in a location that may be remote and have limited medical support from doctors, nurses, laboratory facilities and hospitals."

35. On May 14, 2015, Plaintiff Bergstrom requested information from Ms. Kelli Odhuu, a Department of State employee, and Alisa Mutter, a Georgetown University employee, regarding the basis for the denial of his medical clearance.

36. On May 18, 2015, Ms. Mutter confirmed that there was no process to appeal the State Department's physician's medical clearance determination.

37. On May 20, 2015, Ms. Mutter responded to Plaintiff Bergstrom's request for information regarding the reason for the denial of unconditional medical clearance by stating that it was "program policy not to share the report provided by the Medical Examiner when medical clearance is denied."

38. Defendants did not cite any reason for rescinding Plaintiff Bergstrom's conditional offer other than Dr. Beahler's decision not to grant Plaintiff Bergstrom unconditional medical clearance.

39. At all times relevant to this Complaint, Plaintiff had a record of a disability recognized under the Rehab Act and the DC HRA.

40. At all times relevant to this Complaint, Plaintiff was a qualified individual under the Rehab Act, with a disability.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action as a class action pursuant to Rule 23(b)(1), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure ("FRCP") on behalf of the following defined class:

**Proposed Class:** All qualified applicants who were denied employment as EL Fellows because the State Department and/or Georgetown University denied them unconditional medical clearance at any time from April 27, 2015 to the final disposition of this case.

42. Numerosity: The Proposed Class is so numerous that joinder of all members is impracticable.

43. Upon information and belief, more than 1,000 EL Fellows have participated in 10-month-long fellowships at academic institutions throughout the world.

44. Plaintiff is informed and believes that admission to the English Language Fellowship Program is highly selective such that only a small percentage of applicants are ultimately selected by Defendants.

45. Because EL Fellows number over 1,000, and the admissions process is very selective, Plaintiff believes, and on that basis alleges, that during the relevant time period, there are dozens of individuals who are geographically dispersed and who satisfy the definition of the Proposed Class.

46. Typicality: Plaintiff's claims are typical of the members of the Proposed Class.

47. Plaintiff was given a conditional offer by Defendants to work as an EL Fellow in China because he was qualified to work as an EL Fellow in China.

48. Plaintiff has worked extensively in China suffering no difficulty based upon his disability, record of a disability, or perceived disability.

49. Plaintiff's conditional offer was rescinded by Defendants, pursuant to Defendants' uniform unconditional medical clearance policy, on account of his record of disability or Defendants' perception of his disability.

50. Plaintiff is an individual with a record of disability and/or is perceived as disabled by Defendants.

51. As a result, Plaintiff Bergstrom's claim is typical of the Proposed Class in that he was denied employment because of Defendants' uniform unconditional medical clearance policy.

52. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of applicants for employment, where individuals lack the financial resources to vigorously prosecute separate lawsuits in federal court against large governmental and institutional defendants, and fear retaliation and blackballing.

Prosecuting dozens of identical individual lawsuits across the country does not promote judicial efficiency, equity, or consistency in judicial results, when there is a single policy being challenged: the requirement of unconditional medical clearance.

53. Adequacy: Plaintiff will fairly and adequately protect the interests of the proposed Class, has no conflicts with the proposed Class's interests, and has retained counsel experienced in complex class litigation against both governmental and private employers.

54. Commonality: Common questions of law and fact exist as to all members of the proposed Class and predominate over any questions solely affecting individual members of the proposed Class, including but not limited to:

A. Whether Defendants' unconditional medical clearance policy violates the Rehabilitation Act of 1973;

B. Whether Defendants' unconditional medical clearance policy violates the District of Columbia Human Rights Act of 1977;

C. Whether Defendants' unconditional medical clearance policy is a *per se* violation of the legal requirement to provide reasonable accommodations to qualified individuals with disabilities;

D. Whether Defendants' unconditional medical clearance policy, as applied, violates the legal requirement to engage in the interactive process to provide reasonable accommodations to qualified individuals with disabilities;

E. The appropriate injunctive relief to prevent prospective harm to Plaintiff and those similarly situated;

F. The proper measure of damages sustained by the proposed Class.

55. This case is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would

be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

56. This case is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the proposed Class, including but not limited to maintaining a uniform unconditional medical clearance policy, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

57. Class certification is also appropriate under Federal Rule of Civil Procedure Rule 23(b)(3) because questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform unconditional medical clearance policy denied the proposed Class members employment solely on account of the proposed Class members' actual disability, record of disability, or the perception that they were disabled, including the failure to provide reasonable accommodations. The damages suffered by the individual proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. Proposed Class members fear workplace retaliation and being "blackballed" from obtaining future employment. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' uniform unconditional medical clearance.

58. Plaintiff intends to send notice to all members of the Proposed Class to the extent required by Rule 23. The names, email addresses, and mailing addresses of the members of the Proposed Class are available from Defendants.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES AND TOLLING**

59. On June 11, 2015, Plaintiff Bergstrom timely contacted an EEO counselor.

60. On October 5, 2015, after attempting alternative dispute resolution, Plaintiff Bergstrom timely filed a formal EEO complaint of disability discrimination.

61. On July 22, 2016, Plaintiff Bergstrom notified Defendant Department of State and the Equal Employment Opportunity Commission that he intended to pursue his claims on a class-wide basis and requested that Defendant Department of State inform Plaintiff Bergstrom of any additional steps necessary to exhaust his class complaints by August 5, 2016. *See* EEOC Management Directive 110, Chap. 8 II.A. fn. 1.

62. As of August 24, 2016, Defendant Department of State has failed to respond to Plaintiff Bergstrom's July 22, 2016 administrative exhaustion letter.

63. On April 13, 2016, Plaintiff Bergstrom filed a complaint with the District of Columbia Office of Human Rights ("DC OHR") against Defendant Georgetown University.

64. Thereafter, Plaintiff Bergstrom requested to withdraw his complaint from the DC OHR process to pursue his claims in court.

65. On November 21, 2016, Plaintiff Bergstrom received notification that his request to withdraw his complaint from DC OHR was completed.

66. At no time did DC OHR issue a merits determination of any kind while Plaintiff Bergstrom's complaint was filed with the DC OHR.

67. All complaints filed with the DC OHR are tolled until a merits determination is issued by the DC OHR. D.C. Code § 2-1403.16(a), and thus, Plaintiff Bergstrom's claims under the DC HRA were tolled during the pendency of the DC OHR's administrative process.

68. Accordingly, Plaintiff Bergstrom has timely exhausted his administrative remedies.

## FIRST CLAIM FOR RELIEF

## Violation of Section 501 of the Rehabilitation Act of 1973 for Failure to Provide Reasonable Accommodation

(Plaintiff Bergstrom against the Department of State)

69. Plaintiff Bergstrom, on behalf of himself and the proposed Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

70. The standards for a violation of the provisions of the Rehabilitation Act of 1973 are the same as those under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq*. ("the ADA").

71. The ADA, in relevant part, prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

72. Plaintiff Bergstrom and each member of the proposed Class is a "qualified individual" with a "disability" within the meaning of the Rehabilitation Act who met the requirements for hire into the EL Fellow Program because Plaintiff Bergstrom and each member of the proposed Class were given a conditional offer by Defendants.

73. The Department of State is an "employer" within the meaning of the Rehabilitation Act of 1973.

74. Defendants maintain an unconditional medical clearance policy that bars all applicants to the EL Fellow Program who have a disability, record of disability, or are perceived as having a disability from hire into the EL Fellow Program without considering possible reasonable accommodations or engaging in a good-faith interactive process, in violation of the Rehabilitation Act of 1973.

75. Defendants adversely treat applicants to the EL Fellow Program on the basis of their disability, record of disability, or because Defendants perceive them to be individuals with disabilities by refusing to hire such applicants, including Plaintiff Bergstrom and the proposed Class.

76. Defendants' unconditional medical clearance policy disparately impacts applicants to the EL Fellow Program who have a disability, record of disability, or are perceived to be disabled because it disproportionately excludes such applicants from the EL Fellow Program without any legitimate business necessity.

77. Hiring Plaintiff Bergstrom and the proposed Class members as EL Fellows, whom Defendants deemed qualified individuals by conditionally offering them the EL Fellowship position, with or without reasonable accommodation, would not impose undue hardship on Defendants.

78. As a direct, legal and proximate result of Defendants' uniform unconditional medical clearance policy, Plaintiff and the proposed Class members have suffered damages, including lost wages and other economic damages and emotional distress damages, in an amount to be proven at trial.

79. Pursuant to the Rehab Act, 29 U.S.C. § 794a, and as a result of Defendant Department of State's discriminatory conduct, Plaintiff and the Class are entitled to recover damages for economic harm and emotional distress, attorneys' fees, legal costs, and expert witness fees.

80. Plaintiff and the Class are also entitled to attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

81. Plaintiff Bergstrom timely exhausted administrative remedies.

## SECOND CLAIM FOR RELIEF

## Violation of the DC Human Rights Act, D.C. Code § 2-1401.01 *et seq.*

(Plaintiff Bergstrom against Georgetown University)

82. Plaintiff, on behalf of himself and the Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

83. In relevant part, the DC HRA provides that "[i]t shall be an unlawful discriminatory practice" for "an employer ... [t]o fail or refuse to hire ... any individual; or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment ...."

84. Defendant Georgetown University is an "employer" as defined by Section 2-1401.02(10) of the DC HRA.

85. Plaintiff Bergstrom and the proposed Class members were "employee[s]" of Defendant Georgetown University as defined by Section 2-1401.02(09) of the DC HRA.

86. Defendant Georgetown University enforced and ratified a uniform unconditional medical clearance policy that violates the DC HRA by refusing to hire applicants, including Plaintiff Bergstrom and the Class, with disabilities, records of disabilities, or who were perceived as disabled into the EL Fellows Program.

87. Defendants adversely treat applicants to the EL Fellow Program on the basis of their disability, record of disability, or because Defendants perceive them to be individuals with disabilities by refusing to hire such applicants, including Plaintiff Bergstrom and the proposed Class.

88. Defendants' unconditional medical clearance policy disparately impacts applicants to the EL Fellow Program who have a disability, record of disability, or are perceived to be disabled because it disproportionately excludes such applicants from the EL Fellow Program without any legitimate business necessity.

89. Hiring Plaintiff Bergstrom and the Class members as EL Fellows, whom Defendants deemed qualified individuals by conditionally offering them the EL Fellowship position, would not impose undue hardship on Defendants.

90. As a direct, legal and proximate result of Defendant Georgetown University's uniform unconditional medical clearance policy, Plaintiff and the proposed Class members have suffered damages, including lost wages and other economic damages and emotional distress damages, in an amount to be proven at trial.

91. By reason of the conduct of Defendants, Plaintiff has necessarily retained attorneys to prosecute the action on behalf of himself and the Class.

92. Pursuant to the DC HRA, as a result of Defendant Georgetown University's discriminatory conduct, Plaintiff and the Class are entitled to recover damages for economic harm and emotional distress, attorneys' fees, legal costs, and expert witness fees.

93. Plaintiff Bergstrom and the proposed Class are entitled to punitive damages based upon Defendant Georgetown University's willful and systemic violation of the DC HRA thereby evincing an evil motive or actual malice.

## PRAYER FOR RELIEF

94. WHEREFORE, Plaintiff, on behalf of himself and all members of the Class, prays for relief as follows:

A. That the Court determine that this action may proceed as a class action under Rule 23(b)(1), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure;

B. Injunctive relief ordering Defendants to: (1) cease and desist from their unconditional medical clearance policy and (2) provide mandatory and meaningful training to all managers and employees regarding the laws prohibiting disability discrimination;

C. Compensatory damages, including emotional distress damages and lost wages and benefits;

D. Interest on judgment, including pre-judgment interest, to the extent permitted by law;

E. Punitive damages against Defendant Georgetown University;

F. Attorneys' fees and legal costs;

G. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Bergstrom, individually and on behalf of all others similarly situated, demands a trial by jury on all issues so triable.

DATED: November 23, 2016

By:
/s/ Bryan Schwartz

Bryan J. Schwartz (DC Bar No. 482960)
Eduard R. Meleshinsky*
BRYAN SCHWARTZ LAW
Email: bryan@bryanschwartzlaw.com
eduard@bryanschwartzlaw.com
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301

Raymond C. Fay (DC Bar No. 188649)
Dionna M. Lewis*
FAY LAW GROUP PLLC
Email: rfay@faylawdc.com
dlewis@faylawdc.com
1250 Connecticut Ave, NW Suite 200
Washington DC 20036
Telephone: (202) 263-4604
Facsimile: (202) 261-3508

*Attorneys for Plaintiff Bergstrom and the Putative Class*

* *Pro hac vice application to be filed shortly*